Our original decree affirmed the judgment of the District Court, which rejected plaintiff's demand against defendant for $525.00 for work performed in installing a refrigerator body on the Jeep automobile truck owned by defendant and also rejected defendant's reconventional demands for damages, loss of earnings and expenditures on the refrigerator body designed to make same fit for use.
The District Court judgment was silent as to the disposition of the truck body, and no mention was made of this point by counsel for plaintiff or defendant in arguing the case on appeal.
In an application for rehearing, the plaintiff concedes the correctness of the District Court judgment (affirmed by this Court) rejecting the demands of the plaintiff and rejecting the demands of the defendant in reconvention, but prays that the judgment appealed from be amended by ordering that the refrigerator body be held subject to the order and disposition of plaintiff.
The defendant, in his brief opposing the application for rehearing, contends that the relief asked by plaintiff is beyond the scope of its pleadings and not properly before us on appeal.
Plaintiff in its original petition, after setting forth its contract with defendant and the completion of its work and delivery of the refrigerator body, prayed for a money judgment for the price allegedly agreed upon; for the issuance and maintenance of a writ of provisional seizure, etc., and concluded the prayer of the petition with the following paragraph:
"V. For all such additional relief as law, equity and the nature of the case may permit."
Defendant, in paragraph ten of his answer, set forth that the "alleged work or sale of refrigerator in question should be rescinded, set aside and annulled and that plaintiff in reconvention be entitled to recover the amount sued for herein in reconvention."
The plaintiff appealed from a judgment of the District Court rejecting its demands and also rejecting "the demands of plaintiff in reconvention." Defendant answered the appeal requesting that the judgment of the lower Court be reversed insofar as it rejected his reconventional demand.
The record shows that the plaintiff took both a suspensive and devolutive appeal from the judgment as rendered by the District Court. The defendant in his answer to the appeal prayed for a reversal of the only portion of the judgment adverse to defendant — the portion rejecting his reconventional demand.
The above quoted paragraph V. of plaintiff's petition asked for all the relief that law, equity and the nature of the case permits. The Courts of Louisiana have often held that in the case of the rescission of a sale for defects in the article sold, equity and justice require that the parties be placed in the same position they were in before the sale as nearly as is possible under the circumstances. We have *Page 604 
concluded that this can best be accomplished by rendering judgment as follows.
Our original judgment herein is amended by ordering that the refrigerator body be held subject to the order and disposition of the plaintiff.
It is further ordered that the defendant (or sheriff if same be in his possession under Court order), deliver the refrigerator body to the plaintiff within fifteen days from the date this judgment shall become final and if, due to any action of defendant past or future, the refrigerator body is not delivered to plaintiff, the plaintiff do have and recover judgment against the defendant in the sum of $388.41 ($525.00 contract price less $136.59 expended by defendant to make body usable), with 5% per annum interest from date of filing of the suit in the District Court.
As amended, our original judgment is reinstated. Costs of District Court to be paid by plaintiff; costs of appeal to be borne by defendant.